IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLIFF O. HANSON, #N17986,
    Plaintiff,

vs.                                  Case No.: 3:09cv195/RV/EMT

WARDEN CULPEPPER, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 9).

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed." (Doc. 1 at 6).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" and then listed a case he filed in the Tallahassee Division of this District Court, in which Plaintiff proceeded under inmate number 149491, and which was assigned to Magistrate Judge Alan Kornblum (*id.*).  Plaintiff states the case was dismissed for failure to state a claim (*id.*).  According to the court's docket, Plaintiff filed Hanson v. Guerra, Case No. 4:06cv348/RH/AK on July 21, 2006.  *See* Complaint, Hanson v. Guerra, Case No. 4:06cv348/RH/AK (N.D. Fla. July 21, 2006).  The case was dismissed for failure to state a claim upon which relief may be granted.  *See* Order of Dismissal, Hanson v. Guerra, Case No. 4:06cv348/RH/AK (N.D. Fla. Nov. 23, 2007).  Thus, Plaintiff has in effect stated that besides

that case, he has never had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 8).

In light of 28 U.S.C. § 1915(g), this court must independently investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision of that statute.[1] The information from Section IV of the complaint form is also useful to the court in other ways. The information helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[2]

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed the complaint in the instant case, May 3, 2009 (*see* Doc. 1 at 8), he had previously filed <u>Hanson v. Burton</u>, Case No. 4:03cv281/WS/WCS in this District Court.[3] That case was dismissed on April 21, 2004, prior to service. *See* Docket, <u>Hanson v. Burton</u>, Case No. 4:03cv281/WS/WCS. Plaintiff did not list this case in Section IV of his complaint (*see* Doc. 1 at 5–6).

---

[1]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2]"[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted." <u>Rivera v. Allin</u>, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

[3]According to the docket, the inmate number of the plaintiff in Case No. 4:03cv281/WS/WCS, #149491, is the inmate number used by Plaintiff when he filed the case he identified in Question D on page 6 of the instant complaint (*see* Doc. 1 at 6).

Case No: 3:09cv195/RV/EMT

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 1st day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**